IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN BAKER, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:16-cv-01752-N (BT) |
| v. | § | No. 3:12-cr-00165-N-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Kevin Baker, a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set-aside, or correct his sentence. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Baker's § 2255 motion.

I.

Baker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On June 10, 2013, the District Court sentenced Baker to 188 months' imprisonment. His sentence was enhanced under the Armed Career Criminal Act (ACCA) based on several qualifying convictions, including three Florida convictions for armed robbery and one federal conviction for a drug-trafficking offense. (PSR ¶¶ 27, 34-36, 39.) Baker did not appeal his conviction or sentence to the Fifth Circuit Court of Appeals.

Later, however, on June 24, 2016, Baker filed a § 2255 motion (CV ECF No. 1), raising a single claim under *Johnson v. United States*, 576 U.S. 591 (2015).[1] Specifically, Baker argues that three of the four convictions the Court used to enhance his sentence—the three Florida armed robbery convictions—are not valid ACCA predicates because Florida armed robbery is not a "violent felony" under the statute's "elements" or "use-of-force" clause.[2] The Government filed a response, arguing: (i) Baker's assertions should be rejected as conclusory, and (ii) even

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:12-cr-165-N-1, and "CV ECF" refers to the civil action, case number 3:16-cv-1752-N-BT.

[2] To qualify as an armed career criminal under the ACCA, a defendant must violate § 922(g) and have three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1); *see also United States v. Lipscomb*, 982 F.3d 927, 929 (5th Cir. 2020). The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause" or "elements clause;" the second clause is referred to as the "enumerated offense" clause; and the third clause—the "or otherwise involves" clause—is referred to as the "residual clause." *United States v. Brown*, 802 F. App'x 151, 152 (5th Cir. 2020). In *Johnson*, the Supreme Court held the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson*, 576 U.S. at 606; *see also United States v. Alexander*, 808 F. App'x 234, 236 (5th Cir. 2020). The Supreme Court made *Johnson* retroactive in *Welch v. United States*, 578 U.S. 120 (2016). *Borden v. United States*, ____ U.S. ____, 2021 WL 2367312, at *4 n.2 (June 10, 2021).

considering *Johnson*, the Florida armed robbery convictions qualify as violent felonies under the ACCA's elements or use-of-force clause. Baker filed a reply, objecting that he was not required or permitted to provide detailed legal argument in his motion and arguing that his motion should be granted because Florida's armed robbery statute does not require proof of use, or threatened use, of "physical force" as that term is contemplated by the ACCA, that is violent force or force causing physical pain or injury to another person.

Thereafter, the Court stayed and administratively closed this case pending the Supreme Court's decision in *Stokeling v. United States*, ____ U.S. ____, 139 S. Ct. 544 (2019), a case in which the Supreme Court granted *certiorari* to resolve a Circuit split and answer definitively whether a Florida conviction for armed robbery is a "violent felony" under the ACCA. On January 15, 2019, the Supreme Court issued its decision in *Stokeling*, observing that "[w]here . . . the applicability of a federal criminal statute requires a state conviction, we have repeatedly declined to construe the statute in a way that would render it inapplicable in many States." 139 S. Ct. at 552. The Supreme Court noted that "[r]obbery . . . has always been within the category of violent, active crimes that Congress included in the ACCA." *Id.* (internal quotation marks omitted). The Supreme Court rejected the argument that the degree of force must be "severe" or that the law actually requires "any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Id.* at 554. The Court concluded that the

3

amount of force is sufficient if it is only "susceptible" to or has the potential for causing pain or injury. *Id.*

The Court later lifted the stay, reopened this case, and ordered further briefing limited to the effect of the *Stokeling* decision, if any, on Baker's § 2255 motion. The Government filed a supplemental brief. And, after receiving an extension of time and leave of court to file an out of time supplemental brief, Baker filed his supplemental brief. The § 2255 motion is now ripe for determination.

## II.

A.    <u>Baker's motion is legally sufficient</u>.

The Government argues that Baker's § 2255 motion should be rejected as so conclusory that it is legally insufficient. Resp. 4 (ECF No. 5). "[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Where a habeas petitioner fails to brief an argument adequately, it is considered waived. *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Baker's § 2255 motion is short, but it is not conclusory. It is legally sufficient to state a claim. Therefore, the Court will address the motion's merits.

B.    Baker's *Johnson* claim fails.

Baker acknowledges that *Stokeling* gives the Government "a big boost," but he argues that the decision does not control the outcome of this case because he committed armed robbery in Florida in 1990—prior to the Florida Supreme Court's re-interpretation of the state's robbery statute in *Robinson v. State*, 692 So.2d 883 (Fla. 1997). Supp. Br. 1 (ECF No. 18). In 1990, Florida defined robbery as follows:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.

> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment[.]

Supp. Br. 2 (ECF No. 18) (citing Fla. Sta. § 812.13(1)-(2)(a), as amended by Fla. Laws 1987, c. 87-315 § 1 (eff. Oct. 1, 1987)). In 1997, the Florida Supreme Court held in *Robinson* that robbery requires "resistance by the victim that is overcome by the physical force of the offender." (*Id.* 3.) But Baker contends that *Robinson* was not the law on August 15, 1990, when he was convicted of the three Florida armed robberies. (*Id.*; *see also* PSR ¶¶ 34-36.) And Baker concludes that *Stokeling* does not save the ACCA enhancement underlying his federal sentence

> [b]ecause [he] could have been convicted of robbery for simple snatching (without overcoming any resistance), while armed, and because there was no requirement that the victim even be aware that he was armed, his offense

> did not have, as an element, the use, attempted use, or
> threatened use of physical force as an element.

Supp. Br. 3 (ECF No. 18). Baker also claims that the Government has argued that *Robinson* was consistent with pre-*Robinson* cases in Florida, but *Robinson* expressly "disapprove[d]" of *Andre v. State*, 431 So.2d 1042, 1043 (Fla. 5th DCA 1983) ("A person commits the crime of robbery if it is proved he used <u>any degree</u> <u>of force</u> (or violence, or assault, or putting in fear) against another in order to wrongfully take money (or any property which is the subject of the larceny.") (emphasis added). (*Id.*) (citing *Robinson*, 692 So.2d at 887 n.12). Baker further argues that the Florida Supreme Court "quashed" a contrary holding from the First District Court of Appeals, although he fails to cite to a particular case. (*Id.*)

Baker's arguments fail for two reasons. First, even pre-*Robinson*, Florida required "force, violence, assault, or putting in fear" as a necessary element of robbery. *Jones v. State*, 652 So.2d 346, 349 (Fla. 1995) ("Under the plain language of the robbery statute, all that is required to support a conviction under the force or violence component of the statute is that the act of force or violence be a part of 'a continuous series of acts or events' that include the taking."). Moreover, the Eleventh Circuit noted that "[w]hen the Florida Supreme Court in *Robinson* interprets the robbery statute, it tells us what the statute always meant." *United States v. Seabrooks*, 839 F.3d 1326, 1343 (11th Cir. 2016) (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994) ("[J]udicial construction of a statute is an authoritative statement of what the statute meant before as well as

6

after the decision giving rise to that construction.")). In fact, in *Robinson*, the Florida Supreme Court noted that its holding was "in accord with," but not overruling, its longstanding precedent in *McCloud v. State*, 335 So.2d 257, 258-59 (Fla. 1976), which held that "any degree of force suffices to convert larceny into robbery." Therefore, *Robinson* explained what the elements of Florida's robbery statute had always been; *Stokeling* confirmed that those elements qualified for ACCA treatment; and Baker's prior convictions in Florida for armed robbery qualify as ACCA predicates.

Second, Baker was not merely convicted of simple robbery in Florida. Rather, he was convicted of armed robbery. In 2006, the Eleventh Circuit Court of Appeals, referring only to the ACCA's elements clause, held that a 1974 Florida conviction for armed robbery was "undeniably a conviction for a 'violent felony[.]'" *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006). Baker failed to come forward with a case in effect at the time he was sentenced under the ACCA suggesting his Florida armed robbery convictions were residual-clause offenses. After all, even after *Johnson*, the Eleventh Circuit continued to hold that Florida armed robbery, including a pre-*Robinson* robbery, qualifies as an ACCA predicate. *Seabrooks*, 839 F.3d at 1345 (affirming a case involving six armed robberies from 1995, which the district court found served as ACCA predicates).

In sum, Baker fails to identify any authority showing that his Florida armed robberies are residual-clause offenses, and *Stokeling* and other authorities provide that his ACCA predicates are elements-clause offenses.

7

III.

For the foregoing reasons, the Court should DENY Baker's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed July 1, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).